UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICKY BENION,

    Petitioner,                                 Civil Action No. 22-CV-10571
                                                  HONORABLE SEAN F. COX
v.                                          CHIEF UNITED STATES DISTRICT JUDGE

GREGORY SKIPPER,

    Respondent,
_____/

## OPINION AND ORDER HOLDING IN ABEYANCE THE PETITION FOR WRIT OF HABEAS CORPUS AND ADMINISTRATIVELY CLOSING THE CASE.

Ricky Benion, ("Petitioner"), confined at the Lakeland Correctional Facility in Coldwater, Michigan, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his conviction for child sexually abusive material or activity, Mich. Comp. Laws § 750.145c(2).

Respondent filed a motion to dismiss the petition, on the ground that it was not timely filed in accordance with the statute of limitations contained in 28 U.S.C. § 2244 (d)(1). (ECF No. 9). Petitioner filed a reply to the motion. (ECF No. 11). As part of the reply, petitioner asks this Court to hold the petition in abeyance so that he can return to the state court and file a motion to reissue judgment pursuant to M.C.R. 6.428, on the ground that he was denied the assistance of appellate counsel on his direct appeal.

For the reasons stated below, the Court declines at this time to dismiss the petition as being time-barred by the statute of limitations. The Court will hold the petition in abeyance and will stay the proceedings under the terms outlined below in the opinion to permit petitioner to file a motion to reissue judgment, failing which the petition shall be dismissed without prejudice. The Court will also administratively close the case.

1

## I.  Background

Petitioner pleaded guilty to the above charge in the Wayne County Circuit Court. On December 14, 2016, petitioner was sentenced to 14 to 30 years in prison.

Appellate counsel was appointed to represent petitioner on his direct appeal. During a video conference visit, appellate counsel advised petitioner that there were no viable issues for appeal and convinced petitioner to withdraw his appeal. On June 23, 2017, petitioner filed a motion to withdraw his appeal. On August 11, 2017, the trial court entered an order vacating the appointment of appellate counsel. *People v. Benion,* No. 16-003221 (Wayne Cty.Cir. Ct., Aug. 11, 2017)(ECF No. 10-11).

Petitioner claims that he subsequently obtained his transcripts and after reviewing them, discovered viable issues that could have been raised on appeal. Petitioner filed a post-conviction motion for relief from judgment, which the trial court denied. *People v. Benion,* No. 16-003221 (Wayne Cty.Cir. Ct., Jan. 9, 2020)(ECF No. 10-14). The Michigan appellate courts denied petitioner leave to appeal. *People v. Benion,* No. 354695 (Mich. Ct. App., Dec. 17, 2020)(ECF No. 10-15); *lv. den.* 508 Mich. 967, 965 N.W.2d 513 (2021).

Petitioner filed the petition for writ of habeas corpus on March 10, 2022. [1]

Petitioner seeks habeas relief on the following grounds: (1) the trial judge had an actual bias against petitioner, creating a structural defect in the proceedings, (2) petitioner's guilty plea was involuntarily entered, as a result of judicial intimidation and trial counsel's ineffectiveness, and where petitioner claimed his actual innocence throughout the proceedings, (3) trial counsel was ineffective, and (4) appellate counsel was ineffective for failing to investigate petitioner's claims and for advising petitioner to withdraw his appeal.

---

[1] Under the prison mailbox rule, this Court will assume that petitioner actually filed his habeas petition on March 10, 2022, the date that it was signed and dated. *See Towns v. U.S.,* 190 F. 3d 468, 469 (6th Cir. 1999).

## II.  Discussion

Respondent moved for the case to be dismissed on the ground that the current petition is untimely.

In the statute of limitations context, "dismissal is appropriate only if a complaint clearly shows the claim is out of time." *Harris v. New York*, 186 F.3d 243, 250 (2nd Cir.1999); *See also Cooey v. Strickland,* 479 F. 3d 412, 415-16 (6th Cir. 2007).

28 U.S.C. § 2244(d) imposes a one-year statute of limitations upon petitions for habeas relief:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action;
> (C)  the date on which the constitutional right asserted was originally recognized by the Supreme Court if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Respondent argues that the petition is untimely for the following reasons.  Petitioner never filed a direct appeal in this case.  Under § 2244(d)(1)(A), a state-court judgment becomes "final" when direct review by the state court ends or when the time to seek direct review expires, whichever comes later. *See Wilberger v. Carter*, 35 F. App'x. 111, 114 (6th Cir. 2002).  Under M.C.R. 7.205(F), petitioner had six months following his sentencing on December 14, 2016 to file an appeal.  When petitioner failed to file his appeal, the statute of limitations began running on June 14, 2017.  Petitioner filed his post-conviction motion for relief from judgment with the trial court on March 8, 2018, after 267 days had run on the limitations period.  28 U.S.C. § 2244(d)(2)

expressly provides that the time during which a properly filed application for state post-conviction relief or other collateral review is pending shall not be counted towards the period of limitations contained in the statute. *See McClendon v. Sherman,* 329 F.3d 490, 493-94 (6th Cir. 2003). A post-conviction application remains pending in the state courts, for purposes of § 2244(d)(2), until it "has achieved final resolution through the state's post-conviction procedures." *Carey v. Safford,* 536 U.S. 214, 220 (2002). The tolling of the AEDPA's one year statute of limitations ended on November 2, 2021, when the Michigan Supreme Court denied petitioner's application for leave to appeal the denial of his motion for relief from judgment. *See Hudson v. Jones*, 35 F. Supp. 2d 986, 988-89 (E.D. Mich. 1999). According to respondent, petitioner had ninety nine days remaining under the statute of limitations, or until February 10, 2022, to file his habeas petition. Petitioner did not file his petition until March 10, 2022, which would be beyond the limitations period as calculated by respondent.

Petitioner in his reply argues that the limitations period should be equitably tolled because his appellate counsel abandoned him on his direct appeal by failing to find meritorious issues to advance on appeal and by advising petitioner to withdraw his appeal. Petitioner also argues that appellate counsel's ineffectiveness was an impediment that would delay the commencement of the limitations period pursuant to 28 U.S.C. § 2244d(1)(b). Petitioner also claims that the limitations period should also be equitably tolled because the COVID epidemic lead to various prison law library closures and prison lockdowns. In the alternative, petitioner asks this Court to hold the petition in abeyance so that he can return to the state courts and file a motion for reissuance of judgment pursuant to M.C.R. 6.428, based on his claim that he was denied the assistance of appellate counsel on his direct appeal.

4

The Court declines at this point to rule on the statute of limitations issue because petitioner wishes to return to the state courts to attempt to restore his direct appeal by seeking the reissuance of judgment pursuant to M.C.R. 6.428. If petitioner were to succeed in his motion and get the judge to reissue the judgment, it would reset the time at which the limitations period would start to run. At this time, any ruling on the motion to dismiss or on petitioner's equitable tolling arguments would be premature.

Petitioner does have a potential state court remedy to restore his appellate rights. M.C.R. 6.428 states:

> If the defendant, whether convicted by plea or at trial, was denied the right to appellate review or the appointment of appellate counsel due to errors by the defendant's prior attorney or the court, or other factors outside the defendant's control, the trial court shall issue an order restarting the time in which to file an appeal or request counsel.

Petitioner can seek to restore his right to appeal by filing a motion to reissue judgment through M.C.R. 6.428. *See e.g. McMullan v. Jones*, No. CIV. 05-70807-DT, 2006 WL 1134364, at * 2 (E.D. Mich. Apr. 27, 2006). Petitioner can also appeal the denial of a motion to reissue judgment to the state appellate courts. *See e.g. People v. Williams*, 495 Mich. 861, 836 N.W.2d 687 (2013).

A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, provided there is good cause for failure to exhaust claims and that the unexhausted claims are not "plainly meritless." *Rhines v. Weber,* 544 U.S. 269, 278 (2005). A habeas petition can be held in abeyance while a habeas petitioner seeks reissuance of the judgment pursuant to M.C.R. 6.428 in order to restore his or her right to appeal. *See McMullan v. Jones*, 2006 WL 1134364, at * 2.

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines,* 544 U.S. at 278. To ensure that petitioner does not delay in exhausting his state court remedies, the Court imposes upon petitioner time limits within which he must proceed. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). Petitioner must file a motion for reissuance of judgment with the state trial court within sixty days from the date of this Order. *See Id.* Further, he must ask this Court to lift the stay within sixty days of exhausting his state court remedies. *Id.* "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Palmer*, 276 F. 3d at 781 (internal quotation omitted).

### III.  ORDER

Accordingly, it is **ORDERED** that petitioner may file a motion for reissuance of judgment with the state trial court pursuant to M.C.R. 6.428 within **sixty (60) days of receipt of this Court's order.** If petitioner fails to file a motion with the state trial court by that date**,** the Court will dismiss the present petition without prejudice. If petitioner files a motion with the state trial court to have his direct appeal reinstated, he shall notify this Court that such motion papers have been filed in state court. The case shall then be held in abeyance pending the petitioner's exhaustion of the claims in the state trial and appellate courts. The petitioner shall re-file a habeas petition within 60 days after the conclusion of the state court post-conviction proceedings. Petitioner is free at that time to file an amended habeas petition which contains any newly exhausted claims.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be

6

considered a dismissal or disposition of this matter. *See Sitto v. Bock,* 207 F. Supp. 2d 668, 677 (E.D. Mich. 2022).

It is further **ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

Dated:  January 17, 2023        s/Sean F. Cox
                                Sean F. Cox
                                U. S. District Judge